UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN BOHARSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Removed from the Circuit Court of |
| ) | Cook County (Case No. 2014L007326) |
| CITGO PETROLEUM CORPORATION and ) | |
| PDV MIDWEST REFINING, LLC, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

CITGO Petroleum Corporation ("CITGO") and PDV Midwest Refining, L.L.C. ("PDVMR") by their attorneys, hereby remove the above-captioned action currently pending in the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. The grounds for removal are as follows:

1. On July 15, 2014 CITGO and PDVMR were served with the Complaint (**Exhibit A**) of John Boharski ("Plaintiff"), currently pending in the Circuit Court of Cook County, Illinois as Case No. 2014L007326, and in which he alleges that he was injured at a CITGO facility located in Lemont, Illinois.

2. Therefore, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within third (30) days after service upon CITGO and PDVMR, and within one year of the commencement of this action.

3. 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending."

4. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this action by reason of diversity of citizenship and an amount in controversy that exceeds the sum or value of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

5. At the time this Notice of Removal was filed, no other pleadings or orders have been served in this matter, and CITGO and PDVMR are the only defendants. *See* 28 U.S.C. § 1446(a).

6. On information and belief, Plaintiff resides in Wilmington, Illinois, and was a resident of Wilmington, Illinois at the time of the incident alleged, and on July 28, 2014, counsel for CITGO and PDVMR sent a letter to Plaintiff's counsel by Certified Mail and E-Mail (attached hereto as **Exhibit B**) requesting that Plaintiff provide clarification immediately if he was not a citizen of Illinois by no later than August 4, 2014.

7. Plaintiff did not dispute that he was a resident of Wilmington, Illinois by August 4, 2014, nor did he respond to counsel for CITGO and PDVMR's letter of August 4, 2014 making a similar request. *See* **Exhibit B**.

8. Accordingly, Plaintiff is a citizen of the State of Illinois for diversity purposes pursuant to 28 U.S.C. § 1332.

9. CITGO asks the Court to take judicial notice of the Illinois Secretary of State Corporation Detail Report attached hereto as **Exhibit C**, which states that at the time this action was filed, CITGO was a Delaware Corporation and its principal place of business is in Houston, Texas; **Exhibit C** also states that CITGO was a foreign entity.

10. Therefore, CITGO is not a citizen of the State of Illinois for diversity purposes pursuant to 28 U.S.C. § 1332.

11. PDVMR also asks the Court to take judicial notice of the Illinois Secretary of State Corporation Detail Report attached hereto as **Exhibit D**, which states that at the time this action was filed, PDVMR was a limited liability corporation and a foreign entity.

12. For purposes of diversity jurisdiction, the citizenship of a limited liability corporation is the citizenship of each of its members. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007).

13. PDVMR is 100% owned by VPHI Midwest, Inc., whose parent company is CITGO.

14. PDVMR asks the Court to take judicial notice of the Illinois Secretary of State Corporation Detail Report attached hereto as **Exhibit E**, which states that at the time this action was filed, VPHI Midwest, Inc. was a Delaware Corporation and its principal place of business is in Houston, Texas; **Exhibit E** also states that VPHI Midwest, Inc. was a foreign entity.

15. Therefore, PDVMR is not a citizen of the State of Illinois for diversity purposes pursuant to 28 U.S.C. § 1332.

16. Plaintiff alleges that while working on the premises owned and/or controlled by CITGO and PDVMR, Mr. Boharski "sustained severe and permanent injuries, both externally and internally, … suffered great pain and anguish, both mind and body, and will in the future continue to suffer … further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries." (**Exhibit A**, ¶ 9).

17. Plaintiff has also filed an Affidavit of Damages stating that "the total amount of money damages sought in this matter exceeds $50,000.00." (**Exhibit A**).

18. Therefore, from the face of Plaintiff's Complaint, the amount in controversy in this action exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

19. Moreover, on July 28, 2014, counsel for CITGO and PDVMR sent a letter to Plaintiff's counsel by Certified Mail and E-Mail (attached hereto as **Exhibit B**) requesting a stipulation that Plaintiff does not seek total damages and attorney's fees in excess of $75,000, exclusive of costs and interest; otherwise, CITGO and PDVMR would properly assume that Plaintiff does in fact seek damages in excess of $75,000 and agrees that removal to this Court is appropriate.

20. As of the date of this Notice, Plaintiff has not provided a stipulation regarding the amount in controversy in this action pursuant to the requests of to CITGO and PDVMR. *See* **Exhibit B**.

21. The Seventh Circuit has routinely held that where, as here, a plaintiff does not stipulate to damages of $75,000 or less, removal is proper because "the inference arises that he thinks his claim may be worth more" than the jurisdictional threshold. *Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006) (same, citing *Workman*); *see also Epstein v. Target Corp.*, No. 06 C 7035, 2007 WL 551552 at *2 (N.D. Ill. Feb. 15, 2007) (removal proper where plaintiff refused to stipulate damages were below the jurisdictional threshold); *Choudary v. P&G-Clariol, Inc.*, No. 07 C 6966, 2008 WL 4779137 at *2 (N.D. Ill. Oct. 22, 2008) (same).

22. Therefore, Plaintiff's refusal to stipulate that his damages are below the jurisdictional threshold provides additional evidence that the amount in controversy in this action exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

23. Pursuant to 28 U.S.C. §§ 1446(a) and 1441(a), this Notice of Removal is being filed in the United States District Court for the Northern District of Illinois, Eastern Division, which is the district and division within which Plaintiffs' original state action is pending, and the district and division in which Plaintiff alleges his injuries were incurred.

24. Attached hereto as **Exhibit F** is a copy of the Notice of Removal to All Adverse Parties, which will be promptly served upon Plaintiffs' counsel and filed with the Clerk of the Court of the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1446(d).

25. Attached hereto as **Exhibit G** is a copy of the Notice of Removal to Circuit Court Clerk, which will be promptly filed with the Circuit Court of Cook County, Illinois and served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

26. Pursuant to § 1016 of the Judicial Improvements and Access to Justice Act of 1988 (the "Act"), no bond is required in connection with this Notice of Removal. Pursuant to § 1016 of the Act, this Notice need not be verified.

WHEREFORE, this action should proceed in the United States District Court for the Northern District of Illinois, Eastern Division, as an action properly removed thereto.

Dated: August 12, 2014

Respectfully submitted,

By:    /s/ Jonathan M. Wier
    Scott C. Solberg
    James W. Joseph
    Jonathan M. Wier
    EIMER STAHL LLP
    224 S. Michigan Ave., Suite 1100
    Chicago, IL 60604
    Email:   ssolberg@eimerstahl.com
              jjoseph@eimerstahl.com
              jwier@eimerstahl.com

*Attorneys for CITGO Petroleum Corporation and PDV Midwest Refining, L.L.C.*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on August 12, 2014, I electronically filed the Notice of Removal with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties registered for ECF service.

Dated: August 12, 2014        Respectfully submitted,

                By:  /s/ Jonathan M. Wier

             Scott C. Solberg
             James W. Joseph
             Jonathan M. Wier
             EIMER STAHL LLP
             224 S. Michigan Ave., Suite 1100
             Chicago, IL 60604
             Email:  ssolberg@eimerstahl.com
                 jjoseph@eimerstahl.com
                 jwier@eimerstahl.com

             ***Attorneys for CITGO Petroleum Corporation and PDV Midwest Refining, L.L.C.***