**Exhibit A**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

JOHN BOHARSKI,       )
      )
      Plaintiff,       )
      )
vs.       )       No.
      )
CITGO PETROLEUM CORPORATION,       )
a Foreign Corporation; and PDV       )
MIDWEST REFINING, LLC, a Foreign       )
Corporation,       )
      )
      Defendants.       )

## COMPLAINT AT LAW

### COUNT I
### (Citgo Petroleum Corporation)

NOW COMES the Plaintiff, JOHN BOHARSKI, by and through his attorneys, MORICI, FIGLIOLI & ASSOCIATES, and complaining of the Defendant, CITGO PETROLEUM CORPORATION, a Foreign Corporation, states as follows:

1.    That on and before August 31, 2010, the Defendant, CITGO PETROLEUM CORP., (hereafter "CITGO") was a Delaware corporation engaged in the business of refining crude oil into gasoline and other products, and of distributing said gasoline and other products through distributors and retailers to diverse locations, including into Cook County, Illinois, from its refinery facility in the City of Lemont, County of Cook, State of Illinois.

2.    That at the aforementioned time and place, the Plaintiff was employed as a pipefitter; and, in pursuit of his employment on said date, was present at the refinery facility premises owned and operated by Defendant, CITGO PETROLEUM CORP., a Foreign Corporation.

3.    That at the aforesaid time and place and prior thereto, the Defendant, individually and through its agents, servants and employees, was present during the course of such erection,

1

construction, repairs, alteration, removal and/or painting. The Defendant participated in coordinating the work being done and designed various work methods, maintained and checked work progress and participated in the scheduling of the work and the inspection of the work. In addition thereto, at that time and place, the Defendant had the authority to stop the work, refuse the work and materials and order changes in the work, in the event the work was being performed in a dangerous manner or for any other reason.

4.     That at the aforesaid time and place, the Defendant allowed to be erected, constructed, placed or operated or caused to be erected, constructed, placed or operated, a certain scaffold and scaffold access, to facilitate and be used in the said erection, construction, repairs, alteration, removal and/or painting.

5.     That at all times material to this Complaint, the Defendant had a duty to exercise reasonable care in the erection, construction, placement, or operation of said construction site including the provision of a safe, suitable and proper scaffold and scaffold access for the Plaintiff and others then and there working.

6.     Notwithstanding its duty, at said time and place, the Defendant, by and through its agents, servants and employees, were then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a)     Failed to provide the Plaintiff with a safe place to work;

(b)     Failed to provide Plaintiff with a safe scaffold;

(c)     Allowed the scaffold to be erected without adequate access and egress;

(d)     Failed to adequately inspect the scaffold and area in question;

(e)     Required the use of ill-fitting fire retardant "Nomax" suits;

(f)     Failed to provide sufficient fire retardant "Nomax" suits.

2

7.    That at the aforesaid time and place, the duties and responsibilities of the Plaintiff required that he work on and about the aforesaid scaffold then and there being used in the aforementioned erection, construction, repairs, alteration, removal and/or painting.

8.    That at said time and place, the Plaintiff was descending a vertical ladder on the aforesaid scaffold when Plaintiff was caused to trip and fall thereby proximately causing injuries to the Plaintiff as hereinafter mentioned.

9.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff was caused to fall, thereby he sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, JOHN BOHARSKI, demands judgment against the Defendant, CITGO PETROLEUM CORPORATION, a Foreign Corporation, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

3

## COUNT II
### (PDV Midwest Refining, LLC)

NOW COMES the Plaintiff, JOHN BOHARSKI, by and through his attorneys, MORICI, FIGLIOLI & ASSOCIATES, and complaining of the Defendant, PDV MIDWEST REFINING, LLC, a Foreign Corporation, states as follows:

1.  That on and before August 31, 2010, the Defendant, PDV MIDWEST REFINING, LLC was a Delaware corporation engaged in the business of refining crude oil into gasoline and other products, and of distributing said gasoline and other products through distributors and retailers to diverse locations, including into Cook County, Illinois, from its refinery facility in the City of Lemont, County of Cook, State of Illinois.

2.  That at the aforementioned time and place, the Plaintiff was employed as a pipefitter; and, in pursuit of his employment on said date, was present at the refinery facility premises owned and operated by Defendant, CITGO PETROLEUM CORP., a Foreign Corporation.

3.  That at the aforesaid time and place and prior thereto, the Defendant, individually and through its agents, servants and employees, was present during the course of such erection, construction, repairs, alteration, removal and/or painting. The Defendant participated in coordinating the work being done and designed various work methods, maintained and checked work progress and participated in the scheduling of the work and the inspection of the work. In addition thereto, at that time and place, the Defendant had the authority to stop the work, refuse the work and materials and order changes in the work, in the event the work was being performed in a dangerous manner or for any other reason.

4.  That at the aforesaid time and place, the Defendant allowed to be erected, constructed, placed or operated or caused to be erected, constructed, placed or operated, a certain scaffold and scaffold access, to facilitate and be used in the said erection, construction,

4

repairs, alteration, removal and/or painting.

5.    That at all times material to this Complaint, the Defendant had a duty to exercise reasonable care in the erection, construction, placement, or operation of said construction site including the provision of a safe, suitable and proper scaffold and scaffold access for the Plaintiff and others then and there working.

6.    Notwithstanding its duty, at said time and place, the Defendant, by and through its agents, servants and employees, were then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    (a)    Failed to provide the Plaintiff with a safe place to work;

    (b)    Failed to provide Plaintiff with a safe scaffold;

    (c)    Allowed the scaffold to be erected without adequate access and egress;

    (d)    Failed to adequately inspect the scaffold and area in question;

    (e)    Required the use of ill-fitting fire retardant "Nomax" suits;

    (f)    Failed to provide sufficient fire retardant "Nomax" suits.

7.    That at the aforesaid time and place, the duties and responsibilities of the Plaintiff required that he work on and about the aforesaid scaffold then and there being used in the aforementioned erection, construction, repairs, alteration, removal and/or painting.

8.    That at said time and place, the Plaintiff was descending a vertical ladder on the aforesaid scaffold when Plaintiff was caused to trip and fall thereby proximately causing injuries to the Plaintiff as hereinafter mentioned.

9.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff was caused to fall, thereby he sustained severe and permanent injuries, both externally and internally, and was, and will

be hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, JOHN BOHARSKI, demands judgment against the Defendant, PDV MIDWEST REFINING, LLC, a Foreign Corporation, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

By:_____

Attorneys for Plaintiff

James J. Morici, Jr.
Charles A. Wallace
**MORICI, FIGLIOLI & ASSOCIATES**
150 North Michigan Ave, Suite 1100
Chicago, Illinois 60601
(312) 372-9600
Attorney No. 36252

6

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JOHN BOHARSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| CITGO PETROLEUM CORPORATION, | ) | |
| a Foreign Corporation; and PDV | ) | |
| MIDWEST REFINING, LLC, a Foreign | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF DAMAGES

I, James J. Morici, Jr., being first duly sworn on oath, deposes and states that if I were called upon to testify, I would state as follows:

1. That I am an attorney at law licensed to practice in the State of Illinois.
2. That I am an attorney with the law firm of Morici, Figlioli & Associates, attorney of record for the Plaintiff, JOHN BOHARSKI.
3. That based upon the information available to me at the present time, the total amount of money damages sought in this matter exceeds $50,000.00.
4. That this Affidavit is submitted in compliance with Supreme Court Rule 222(b).

Further, Affiant sayeth naught.

_____
James J. Morici, Jr.

SUBSCRIBED AND SWORN TO
before me this _11_ day of _July_ , 2014.

_____
Notary Public

